**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANDRA LEDERMAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:21-cv-04528 |
| v. | ) ) | |
| THE HERSHEY COMPANY, | ) ) ) | |
| Defendant. | ) | |

**THE HERSHEY COMPANY'S MEMORANDUM IN SUPPORT OF**
<u>**ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**</u>

William F. Northrip (#6315988)
Ambria D. Mahomes (#6334463)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

**<u>TABLE OF CONTENTS</u>**

<u>Page(s)</u>

TABLE OF AUTHORITIES ...................................................................................................ii

INTRODUCTION ............................................................................................................... 1

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ....................................................................................................................... 4

    I.    Plaintiff Fails To State An Illinois Consumer Fraud And Deceptive Business Practices Act Claim Where She Can Neither Allege A Deceptive Act On Hershey's Part Nor Harm To Herself Or The Class.................................. 4

        A.    The Label for Hershey's' Hot Fudge Topping Is Not Misleading............. 5

        B.    Plaintiff Lacks Standing to Pursue Claims under Arkansas and Iowa Law. ..................................................................................... 9

    II.    Plaintiff's Common Law Claims Fail. .................................................... 9

        A.    Plaintiff Fails to State a Claim for Breach of Express Warranty................ 9

        B.    Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Merchantability.......................................................................... 10

        C.    Plaintiff Fails to State a Claims Under the Magnuson Moss Act. ............ 11

        D.    Plaintiff Fails to State a Claim for Negligent Misrepresentation.............. 11

        E.    Plaintiff Fails to State a Fraud Claim........................................................ 12

        F.    Plaintiff Fails to State an Unjust Enrichment Claim................................ 13

    III.    Plaintiff Lacks Standing To Pursue Injunctive Relief. ......................................... 14

CONCLUSION.................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................3

*Backus v. Gen. Mills, Inc.*,
    122 F. Supp. 3d 909 (N. D. Cal. 2015) .........................................................................10

*Beardsall v. CVS Pharm., Inc.*,
    953 F.3d 969 (7th Cir. 2020) ..........................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................................3

*Bell v. Publix Super Markets, Inc.*,
    982 F.3d 468 (7th Cir. 2020) ..........................................................................................4

*Benson v. Fannie May Confections Brands, Inc.*,
    944 F.3d 639 (7th Cir. 2019) .............................................................................4, 12, 13

*Bober v. Glaxo Wellcome PLC*,
    246 F.3d 934 (7th Cir. 2001) ....................................................................................4, 13

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) .............................................................................3, 12, 14

*Chicago Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*,
    24 F. Supp. 3d 750 (N.D. Ill. 2014) .............................................................................13

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983)........................................................................................................14

*DiLeo v. Ernst & Young*,
    901 F.2d 624 (7th Cir. 1990) ..........................................................................................3

*Disher v. Tamko Bldg. Prods., Inc.*,
    2018 WL 905362 (S.D. Ill. Feb. 15, 2018) ..................................................................13

*Eike v. Allergan, Inc.*,
    850 F.3d 315 (7th Cir. 2017) ..........................................................................................2

*Gagnon v. Schickel*,
    2012 IL App (1st) 120645..............................................................................................14

**Page(s)**

*Grabowski v. Dunkin' Brands, Inc.*,
   2017 WL 6059966 (N.D. Ill. Dec. 7, 2017) .......................................................................14

*Guajardo v. Skechers USA, Inc.*,
   2021 WL 4302532 (C.D. Ill. Sept. 21, 2021) ........................................................................4

*Guaranty Residential Lending, Inc. v. Int'l Mortgage Ctr.*,
   305 F. Supp. 2d 846 (N.D. Ill. 2004) ...................................................................................12

*Haynes v. Coca Cola Bottling Co. of Chicago*,
   39 Ill. App. 3d 39, 350 N.E.2d 20 (1976) ............................................................................10

*Ibarrola v. Kind, LLC*,
   83 F. Supp. 3d 751 (N.D. Ill. 2015) .................................................................................4, 10

*In re McDonald's French Fries Litig.*,
   503 F. Supp. 2d 953 (N.D. Ill. 2007) ...................................................................................10

*IWOI, LLC v. Monaco Coach Corp.*,
   581 F. Supp. 2d 994 (N.D. Ill. 2008) ...................................................................................11

*Kohen v. Pac. Inv. Mgmt. Co.*,
   571 F.3d 672 (7th Cir. 2009) ..................................................................................................9

*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*,
   379 F. Supp. 2d 968 (N.D. Ill. 2005) ...................................................................................10

*Mulligan v. QVC, Inc.*,
   382 Ill. App. 3d 620 (2008) .................................................................................................13

*Mullins v. Direct Digital, LLC*,
   795 F.3d 654 (7th Cir. 2015) ..................................................................................................4

*Oshana v. Coca-Cola Co.*,
   472 F.3d 506 (7th Cir. 2006) .............................................................................................4, 13

*Payton v. County of Kane*,
   308 F.3d 673 (7th Cir. 2002) ..................................................................................................9

*Pichardo v. Only What You Need, Inc.*,
   2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) ........................................................................8

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
   631 F.3d 436 (7th Cir. 2011) .............................................................................................3, 13

*Prime Leasing, Inc. v. Kendig*,
   332 Ill. App. 3d 300 (2002) .................................................................................................12

**Page(s)**

*Rothe v. Maloney Cadillac, Inc.*,
   119 Ill. 2d 288 (1988) ........................................................................................11

*Scherr v. Marriott Int'l, Inc.*,
   703 F.3d 1069 (7th Cir. 2013) ............................................................................14

*Schimmer v. Jaguar Cars*,
   384 F.3d 402 (7th Cir.2004) ...............................................................................11

*Sharpe v. A&W Concentrate Co.*,
   No. 19-CV-768 (BMC), 2021 WL 3721392 (E.D.N.Y. July 23, 2021) ...................2

*Steele v. Wegman Food Mkts., Inc.*,
   472 F. Supp. 3d 47 (S.D.N.Y. 2020) .....................................................................8

*Stefanski v. City of Chicago*,
   2015 IL App (1st) 132844, 28 N.E.3d 967 ..........................................................13

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ............................................................................................14

*Swanson v. Citibank, N.A.*,
   614 F.3d 400 (7th Cir. 2010) .................................................................................3

*Thorner v. Fleetwood*,
   2002 WL 1998285 (N.D. Ill. Aug. 28, 2002) ......................................................10

*Tinley Park Orthodontic Assocs., P.C. v. Acct. & Tax Advisors, CPAS, P.C.*,
   2017 IL App (2d) 16-0284-U ...............................................................................14

*Voelker v. Porsche Cars N. Am., Inc.*,
   353 F.3d 516 (7th Cir. 2003) ...............................................................................11

*Zahora v. Orgain LLC.*,
   2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) ...........................................2, 7, 8, 10

**Statutes**

810 ILCS 5/2-314(1) ..................................................................................................10

810 ILCS 5/2-314(2) ..................................................................................................10

15 U.S.C.A. § 2310(d)(3) ............................................................................................11

**Rules**

Federal Rule of Civil Procedure 12(b)(6) .....................................................................1

<u>**Page(s)**</u>

**Other Authorities**

21 C.F.R. § 101.3(a)...................................................................................................8

21 C.F.R. § 101.3(b)(2)...........................................................................................5, 8

The Hershey Company ("Hershey") respectfully moves to dismiss Plaintiff Sandra Lederman's ("Plaintiff") class action complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Hershey submits the following memorandum of law in support of this motion.

## INTRODUCTION

Hershey manufactures and sells a variety of chocolate products, including Hershey's Hot Fudge Topping, a thick chocolate sauce that can be used as a topping for ice cream. As apparent from the reproduction of the label below, the front of the label contains the name of the product, "Hershey's Hot Fudge Topping," the calories per serving, "120 Calories per 2 TBSP," and the quantity of product in the container, "NET WT 12.8 OZ (328 g)." The back of the label contains an ingredient list.

**FRONT LABEL:**



**BACK LABEL:**

INGREDIENTS: HIGH FRUCTOSE CORN SYRUP; SWEETENED CONDENSED SKIM MILK [SKIM MILK; SUGAR]; CORN SYRUP; WATER; HYDROGENATED COCONUT OIL; COCOA; SKIM MILK; CONTAINS 2% OR LESS OF: COCOA PROCESSED WITH ALKALI; DISODIUM PHOSPHATE; SALT; SODIUM CITRATE; MONO AND DI-GLYCERIDES; WHEY (MILK); POTASSIUM SORBATE, TO MAINTAIN FRESHNESS; VANILLIN, ARTIFICIAL FLAVOR; POLYSORBATE 60. Ⓤ D

Plaintiff does not dispute the accuracy of this ingredient list, but rather alleges that Hershey's label is misleading because it contains the term "Hot Fudge" and because Hershey's Hot Fudge Topping is not made with butter, cream, or whole milk. Compl. ¶¶ 43, 49. Based on this allegation, Plaintiff asserts six causes of action: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"); (2) violation of state consumer fraud statutes in Iowa and Arkansas; (3) breach of warranty; (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment. Plaintiff looks to certify a class of Illinois consumers, as well as a class of Iowa and Arkansas consumers. As detailed more fully below, each of Plaintiff's claims fail as a matter of law. Ultimately, Plaintiff's subjective desire to purchase hot fudge made from butter, cream, or whole milk does not transform the sale of hot fudge with different ingredients into a consumer fraud. As Judge Posner wrote in a slightly different context: "[t]he fact that a seller does not sell the product that you want, or at the price you'd like to pay, is not an actionable injury; it is just regret or disappointment … ." *Eike v. Allergan, Inc.*, 850 F.3d 315, 318 (7th Cir. 2017).

This is one of several hundred class actions filed by Plaintiff's counsel attempting to allege consumer fraud based on facially ordinary and innocuous statements on food labeling. Many of these cases have been dismissed outright.[1] Only one has survived to class certification.[2] As more fully set forth below, Plaintiff's claims here are meritless and should be dismissed.

---

[1]  *See, e.g., Zahora v. Orgain LLC.*, 2021 WL 5140504 at *5 (N.D. Ill. Nov. 4, 2021) (compiling dismissals of plaintiff's counsel's cases about vanilla flavoring).

[2]  Becky Sullivan, *The strawberry Pop-Tart case is just one of more than 400 lawsuits he has filed*, NPR (Oct. 30, 2021), available at: https://www.npr.org/2021/10/30/1050175655/strawberry-pop-tarts-lawyer-spencer-sheehan-vanilla-lime-food-beverage; *Sharpe v. A&W Concentrate Co.*, No. 19-CV-768 (BMC), 2021 WL 3721392, at *11 (E.D.N.Y. July 23, 2021) (recognizing that most of Plaintiff's Counsel's cases could not survive the pleading stage, but stating that this case "survived for a unique set of reasons," and concluding that there are "substantial hurdles" that Plaintiff must overcome on the merits).

**LEGAL STANDARD**

A court should dismiss a complaint if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "labels and conclusions." *Iqbal*, 556 U.S. at 678. Mere legal conclusions are not "facts" for Rule 8 purposes. *Id.* at 678-79; *Twombly*, 550 U.S. at 555. Nor is it enough to allege facts "merely consistent with" liability or showing only that entitlement to relief is *possible*. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. The factual allegations "must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Determining whether the complaint states a claim depends on the context of the case and requires the court to "draw on its judicial experience and common sense." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). Unless the complaint pleads sufficient facts to cross the line "from conceivable to plausible," it must be dismissed. *Twombly*, 550 U.S. at 570. Claims under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1–12 ("ICFA")—along with common law claims for fraud and fraud-based unjust enrichment— are subject to Rule 9(b)'s heightened "particularity" standard. *See, e.g.*, *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). Rule 9(b) requires the plaintiff to state "with particularity" any "circumstances constituting fraud." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Although a state of mind may be generally pleaded, the "circumstances" must be pleaded in detail—this means the who, what, when, where, and how: the first paragraph of any newspaper story. *Id.*

**ARGUMENT**

**I.  Plaintiff Fails To State An Illinois Consumer Fraud And Deceptive Business Practices Act Claim Where She Can Neither Allege A Deceptive Act On Hershey's Part Nor Harm To Herself Or The Class.**

To state a claim for a violation of the ICFA, Plaintiff must plead with particularity: (1) a deceptive act or practice by Hershey; (2) that the act or practice occurred in the course of conduct involving trade or commerce; (3) that Hershey intended for Plaintiff and the members of the class to rely on the deception; and (4) that actual damages were proximately caused by the alleged deception. *Oshana v. Coca-Cola Co*., 472 F.3d 506, 513 (7th Cir. 2006). A court may dismiss an ICFA claim at the pleading stage "if the challenged statement was not misleading as a matter of law" from the perspective of a "reasonable consumer." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015); *see also Guajardo v. Skechers USA, Inc.*, 2021 WL 4302532, at *3 (C.D. Ill. Sept. 21, 2021) (ICFA claim dismissed at pleading stage where plaintiff failed to allege "any direct statements . . . that contain material omissions."); *Bell v. Publix Super Markets, Inc*., 982 F.3d 468, 477 (7th Cir. 2020). A statement is "deceptive" if it "creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001). In particular, Plaintiff must plausibly allege that the product's label was "likely to deceive reasonable consumers," *Beardsall v. CVS Pharm., Inc*., 953 F.3d 969, 973 (7th Cir. 2020) (emphasis added); *see also Benson v. Fannie May Confections Brands, Inc*., 944 F.3d 639, 646 (7th Cir. 2019); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 673 (7th Cir. 2015) (citing *Barbara's Sales, Inc. v. Intel Corp*., 227 Ill.2d 45, 74 (2007)). "[T]he allegedly deceptive [statement] must be looked upon in light of the totality of the information made available to the plaintiff." *Benson*, 944 F.3d at 646 (citation omitted). A claim based on "fanciful interpretations of labels" should be dismissed at the pleading stage. *Id*.

### A.   The Label for Hershey's' Hot Fudge Topping Is Not Misleading.

The label for Hershey's Hot Fudge Topping includes several fundamental pieces of information about the product, including: (1) the brand name, "Hershey's;" (2) the statement of identity pursuant to 21 C.F.R. § 101.3(b)(2), "Hot Fudge Topping;" (3) the calories per serving; (4) the net weight of its contents; and (5) its ingredient list. Other than the ingredient list, the label makes no statements characterizing or describing the ingredients. The front label contains no statements about oil, condensed milk, whole milk, butter, or cream. It contains no descriptive words like "buttery" or "creamy." It does not depict a milk jar, a butter churn, or the image of pouring cream.[3]   The only description of the product is the statement of identity, "Hot Fudge Topping." A term that perfectly describes the thick chocolate sauce contained therein. Plaintiff does not identify a single statement on the label that creates a likelihood of deception or that has the capacity to deceive.

Plaintiff is unable to identify anything deceptive about this simple, straightforward label. Rather, Plaintiff attempts to suggest that Hershey has improperly used the term "hot fudge" instead of "chocolate sauce" as part of the statement of identity. *See* Compl. § III. In making this argument, Plaintiff falls back on a fanciful interpretation of the term "fudge." Specifically, Plaintiff scours 120+ year old recipes for, and random internet dictionary definitions of, "fudge." Based on these "sources," Plaintiff baldly declares that "milkfat is the central component" of "fudge." Compl. ¶ 7. Plaintiff, then, claims that she and the class intended to purchase a product that contained milkfat in the form of butter, cream, or whole milk. Compl. ¶ 103. Plaintiff alleges that Hershey's use of

---

[3]  In making these points, Hershey does not suggest that any of these statements or images, had they been present on the label, would be sufficient to support a consumer fraud claim. Hershey merely observes that those statements and images do not appear anywhere on the label.

the term "fudge" as part of the name "Hot Fudge Topping" is therefore deceptive and misleading because Hershey's Hot Fudge Topping is made with condensed milk and coconut oil.

There are numerous problems with this argument. At the outset, Plaintiff makes no showing that the expectations of a reasonable consumer of hot fudge in Illinois today are derived from, or defined by, any of these sources. Plaintiff makes no allegation that she, or any other Illinois consumer, based their expectations on fudge recipes published in the May 11, *1892* edition of the Los Angeles Times [Compl. at ¶ 9], in the *1902* edition of Mrs. Rorer's New Cook Book [Compl. at ¶ 10], or in the 2002 edition of An A-Z of Food and Drink [Compl. at ¶ 13].

Of course, even had Plaintiff made such an allegation, her claim would still fail because her allegations do not sufficiently address the product at issue. As the complaint itself recognizes, "fudge" and "hot fudge" are different products. Compare Compl. at ¶ 3 with Compl. at ¶ 4. Nearly all of Plaintiff's allegations address "fudge," not "hot fudge." Hot fudge is not merely warmed up fudge; it is a different product with a different use and necessarily has different recipes and formulations. Plaintiff cannot build a consumer fraud case about hot fudge based on allegations about fudge. Similarly, many of Plaintiff's allegations address, and criticize, the use of "vegetable oil," "vegetable fats," or margarine in fudge. *See* Compl. at ¶ 31-36, 85, 87, 103, 112, 124. Plaintiff's generalizations about vegetable oil do not, however, speak to coconut oil specifically. "Vegetable oil" is a broad term covering numerous oils including, but not limited to, avocado oil, corn oil, canola oil, cottonseed oil, olive oil, palm oil, safflower oil, sesame oil, soybean oil, sunflower oil, and various nut oils. Each of these oils has unique properties, flavor profiles, melting points, smoke points, and mixtures of saturated and unsaturated fats. Corn oil, for instance, is high in unsaturated fat and is liquid at room temperature. Coconut oil, on the other hand, is high in saturated fat and is solid at room temperature Plaintiff's complaint includes allegations about palm

kernel oil, palm oil, and margarine [Compl. ¶¶ 27, 34-36]–none of which are identical to coconut oil, and none of which are used in Hershey's Fudge Topping. Accordingly, allegations and complaints about vegetable oils generally cannot be used to plead a claim challenging the use of coconut oil. This is particularly true when the claim must be pleaded with particularity.

Even ignoring these pleading deficiencies, Plaintiff's consumer fraud claims ultimately fail because there is simply nothing deceptive about using the term "hot fudge" to describe a thick chocolate sauce. Indeed, Plaintiff expressly pleads that "'[h]ot fudge' is a chocolate product often used as a topping for ice cream and desserts." *See* Compl. ¶ 4; *see also* Compl. ¶ 6 ("The difference between 'hot fudge' and 'chocolate sauce' is due to the fat content, as the former is thicker and richer, while the latter is thinner and more pourable."); Compl. ¶ 41 ("Explaining that "[t]he thickness of a liquid topping … separates [] 'hot fudge' from 'chocolate sauce' …."). As these allegations confirm, consumers purchasing hot fudge expect to purchase a thick chocolate sauce that can be used to top ice cream, not necessarily any particular mix of ingredients. Plaintiff never alleges that Hershey's Hot Fudge Topping does not conform to consumers' expectations of a thick chocolate sauce. To the contrary, Plaintiff's allegations that she purchased it multiple times [Compl. ¶ 83] and desires to purchase it again once the label is changed [Compl. ¶ 93], establish that it met her expectations for "hot fudge." There is simply no deception here.

Plaintiff's allegations that Hershey has somehow violated FDA regulations by using the term "hot fudge" instead of "chocolate sauce" [Compl. at III] are equally unavailing. Setting aside the fact that Plaintiff has no standing to enforce FDA regulations, *see, e.g., Zahora v. Orgain LLC.,* 2021 WL 5140504 at *4 (N.D. Ill. Nov. 4, 2021), the U.S. Food and Drug Administration ("FDA") has not set a standard of identity for either hot fudge or fudge. Accordingly, the term "hot fudge topping" on Hershey's label is a statement of identity (FDA's nomenclature for the name of the

product). 21 C.F.R. § 101.3(b)(2). FDA regulations require the front label of the food to include the statement of identity so that the front of the package tells the consumer what the product is (not what all of its elements, ingredients, and characteristics are). *Id*. § 101.3(a). By including "hot fudge topping" on the front of the label, Hershey's labeling complied with FDA regulations and Plaintiff's attempt to convert the statement of identity into a standard of identity, promising certain ingredients, should be rejected.

Indeed, Courts repeatedly hold that where a label accurately describes a product, a plaintiff cannot base a consumer fraud claim by challenging the use of particular ingredients. *See, e.g., Zahora.,* 2021 WL 5140504 at *4-5 (dismissing case challenging ingredients of product where label stated "vanilla bean flavor" and compiling similar dismissals); *Steele v. Wegman Food Mkts., Inc.*, 472 F. Supp. 3d 47, 51 (S.D.N.Y. 2020) (dismissing complaint because reasonable consumer would not be deceived by "vanilla ice cream" label where the product was ice cream with vanilla flavor); *Pichardo v. Only What You Need, Inc.*, 2020 WL 6323775 at *6 (S.D.N.Y. Oct. 27, 2020) (applying *Steele* and dismissing "vanilla" flavor complaint). This case fits squarely within the reasoning of *Zahora*, *Steele,* and *Pichardo*.

In *Zahora*, Judge Kendall dismissed a consumer fraud class action challenging a label containing the term "Vanilla Bean Flavor" when the product was flavored mostly with synthetic vanilla flavoring. 2021 WL 5140504 at *1. In dismissing the case at the pleading stage, Judge Kendall explained that "[a] reasonable consumer would not read into the label what is simply not there: namely, a guarantee that 'most of the flavor would come from vanilla beans and none would come from artificial flavors.'" *Id*. at *4. Here, the term "hot fudge" accurately describes the product; therefore, Plaintiff cannot create a deceptive act by quibbling about ingredients or reading guarantees about specific ingredients into the label that are not there. *Id.* Moreover, Plaintiff

8

implicitly acknowledges the fact that hot fudge and/or fudge can contain a variation of ingredients when she cites to several fudge recipes from 1893, 1896, 1902, and beyond. Compl. ¶¶ 8-12. None of the recipes she cites are identical to one another—supporting the conclusion that fudge can be made in a number of ways. There simply is no deceptive practice here, and Plaintiff's consumer fraud claims should be dismissed.

### B. Plaintiff Lacks Standing to Pursue Claims under Arkansas and Iowa Law.

While the lack of deception is sufficient grounds to dismiss all of Plaintiff's consumer fraud claims, Plaintiff's claims under Arkansas and Iowa law should be dismissed for the additional reason that Plaintiff lacks standing to bring them. Plaintiff does not allege that she purchased Hershey's Hot Fudge Topping in either Arkansas or Iowa. Accordingly, she cannot assert claims under those states' consumer protection statutes. As she lacks standing to bring a claim, she also lacks standing to represent a class of Arkansas or Iowa consumers. *See Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 676 (7th Cir. 2009); *Payton v. County of Kane*, 308 F.3d 673, 682 (7th Cir. 2002) ("Standing cannot be acquired through the back door of a class action.").

## II. Plaintiff's Common Law Claims Fail.

In addition to her statutory consumer fraud claims, Plaintiff seeks to bring several common law claims for breach of warranty, misrepresentation, fraud, and unjust enrichment. As detailed below, these claims all fail for the reasons set forth above, and for additional, claim-specific reasons set forth below.

### A. Plaintiff Fails to State a Claim for Breach of Express Warranty.

In order to state a claim for breach of an express warranty, a claimant must demonstrate, by a preponderance of the evidence: (1) the terms of the warranty; (2) a breach or failure of the warranty; (3) a demand upon the defendant to perform under the terms of the warranty; (4) a failure of the defendant to do so; (5) a compliance with the terms of the warranty by the plaintiff; and

(6) damages measured by the terms of the warranty. *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 759–60 (N.D. Ill. 2015). "Express warranties are contractual in nature ...."*Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 379 F. Supp. 2d 968, 983 (N.D. Ill. 2005). They require a defendant to have made specific, factual representations about the product. *Id*. Here, Plaintiff has not alleged the existence of an express warranty regarding the ingredients of Hershey's Hot Fudge Topping. The only specific and factual representation on the label about the ingredients is the ingredient list, which Plaintiff concedes is true. As detailed above, the use of the term "hot fudge" is not a guarantee or warranty that particular ingredients will be used, and accordingly Plaintiff's express warranty claim fails for the same reason as her ICWA claim. *See Zahora,* 2021 WL 5140504 at *5.

**B.      Plaintiff Fails to State a Claim for Breach of the Implied Warranty of Merchantability.**

To state a claim for breach of the implied warranty of merchantability, a Plaintiff must allege: (1) there was a sale of goods; (2) the seller was a merchant with respect to goods of that kind; (3) the goods were not "merchantable;" and (4) an economic loss or personal injury occurred as a result. 810 ILCS 5/2-314(1), (2); *Thorner v. Fleetwood*, 2002 WL 1998285 at *1 (N.D. Ill. Aug. 28, 2002); *Backus v. Gen. Mills, Inc*., 122 F. Supp. 3d 909, 933 (N. D. Cal. 2015). The term "merchantable" means that a product is fit for its ordinary use. *In re McDonald's French Fries Litig*., 503 F. Supp. 2d 953, 957 (N.D. Ill. 2007). In the context of food, a product is merchantable if it is fit for human consumption. *Haynes v. Coca Cola Bottling Co. of Chicago*, 39 Ill. App. 3d 39, 45, 350 N.E.2d 20, 25 (1976). Plaintiff does not, and cannot, allege that Hershey's Hot Fudge

Topping was not fit for human consumption and accordingly her implied warranty of merchantability claim should be dismissed.[4]

### C.    Plaintiff Fails to State a Claims Under the Magnuson Moss Act.

Plaintiff's claim under the Magnuson Moss Warranty Act fails for the same reasons set forth above as to why her state law warranty claims fail because state law governs implied warranty claims brought under the Magnuson Moss Warranty Act. *IWOI, LLC v. Monaco Coach Corp*., 581 F. Supp. 2d 994, 999 (N.D. Ill. 2008). The Act does not create implied warranties; rather, it merely confers federal jurisdiction for state law breach of implied warranty claims. *Id*.; *Schimmer v. Jaguar Cars*, 384 F.3d 402, 405 (7th Cir.2004) (Magnuson Moss allows consumers to borrow state law causes of action and enforce written and implied warranties in federal court). As discussed above, Plaintiff's state law warranty claims should be dismissed, and, accordingly, her Magnuson Moss claim should be dismissed.[5]

### D.    Plaintiff Fails to State a Claim for Negligent Misrepresentation.

Stating a claim for negligent misrepresentation requires Plaintiff to show: (1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance, (6) when the party making the statement is under a duty to communicate accurate

---

[4] Plaintiff's implied warranty of merchantability claim also fails because she has also not adequately pleaded injury. Plaintiff's complaint contains bare and conclusory assertions that the Hershey's Hot Fudge Topping costed less to create because of its ingredient makeup and therefore resulted in Hershey collecting more from consumers. Compl. ¶ 92. These allegations are unsupported and therefore insufficient to state a claim. Further, a breach of implied warranty claim fails where there is no special relationship or privity. *Rothe v. Maloney Cadillac, Inc*., 119 Ill. 2d 288, 292 (1988) (privity of contract is a prerequisite to recover economic damages for breach of implied warranty). No privity exists here.

[5] Plaintiff's Magnuson Moss Act claim fails for two other reasons. First, Plaintiff cannot meet the $25 amount in controversy because Hershey's Hot Fudge Topping retails for far less than $25. 15 U.S.C.A. § 2310 (d)(3). Further, privity is lacking because Plaintiff alleges she purchased the product from a third party and not directly from Hershey. *See Voelker v. Porsche Cars N. Am., Inc*., 353 F.3d 516, 525 (7th Cir. 2003).

information. *Guaranty Residential Lending, Inc. v. Int'l Mortgage Ctr.*, 305 F. Supp. 2d 846, 863 (N.D. Ill. 2004) (quoting *Fox Assocs, Inc. v. Robert Half Int'l, Inc.*, 334 Ill. App. 3d 90, 94 (1st Dist. 2002)). Plaintiff claims that Hershey breached a duty to "truthfully represent the Product" [Compl. ¶ 119], but this bare assertion does not meet the threshold required to state a claim.

Similar to the other claims Plaintiff raises, her negligent misrepresentation claim is conclusory and speculative. This claim fails because, as discussed above, Hershey honestly represented its product—a thick chocolate topping that can be used for ice cream. At no point did it make a false statement of material fact concerning the product's ingredients. It also did not act with carelessness or negligence, nor did it intend to induce consumers into purchasing a product that was anything other than one would expect. Accordingly, Plaintiff's negligent misrepresentation claim should be dismissed.

### E. Plaintiff Fails to State a Fraud Claim.

To sustain a cause of action for fraud, plaintiffs must plead the following: (1) statements of material facts were made; (2) defendants must have known or believed such statements to be untrue; (3) plaintiffs had a right to rely or were justified in relying upon those statements; (4) the statements were made for the purpose of inducing plaintiffs to act or rely upon them; and (5) plaintiffs were damaged as a result of their reliance upon said statements." *Prime Leasing, Inc. v. Kendig*, 332 Ill. App. 3d 300, 308–09 (2002). Federal Rule of Civil Procedure 9(b) requires Plaintiff to "state with particularity the circumstances" constituting the fraud that she alleges. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736-37 (7th Cir. 2014) (quoting Rule 9(b)). This would require her to identify the "who, what, when, where, and how" of the alleged fraud. *Id.* at 737; *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). Here, Plaintiff does not identify a single false, misleading, or deceptive statement on Hershey's label. Accordingly, her fraud claim fails.

F.       **Plaintiff Fails to State an Unjust Enrichment Claim.**

Plaintiff's final claim, for unjust-enrichment, also fails as a matter of law. The Seventh Circuit and courts in this district have recently affirmed the majority view that, "[u]nder Illinois law, there is no stand-alone claim for unjust enrichment." *Benson*, 944 F.3d at 648; *Pirelli*, 631 F.3d at 447 ("Under Illinois law, unjust enrichment is not a separate cause of action"); *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 631 (2008) ("such a claim is not a separate cause of action that, standing alone, would justify an action for recovery"); *Disher v. Tamko Bldg. Prods., Inc.*, 2018 WL 905362, at *5 (S.D. Ill. Feb. 15, 2018) (citing *Martis v. Grinnell Mut. Reinsurance Co.*, 905 N.E.2d 920, 928 (Ill. App. Ct. 2009)).

Additionally, an unjust enrichment claim cannot stand where the facts underlying the claim are the same facts supporting an insufficiently pled ICFA claim. *Chicago Faucet Shoppe, Inc. v. Nestle Waters N. Am. Inc.*, 24 F. Supp. 3d 750, 765 (N.D. Ill. 2014) (*citing Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517–18 (7th Cir. 2011)). A plaintiff cannot claim to have been unjustly enriched unless they show that the defendant benefitted to their detriment and that defendant's retention of profits would violate the fundamental principles of justice, equity, and good conscience. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 515 (7th Cir. 2006) (*citing HPI Healthcare Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 137 (Ill.1989)). In the absence of any deception on Hershey's part, the requisite violation of "fundamental principles of justice, equity, and good conscience" is not present. *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001).

Finally, equitable relief, including unjust enrichment, is not available when an express contract is at issue. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 648 (7th Cir. 2019) (acknowledging a "straightforward, everyday sales contract" as an express contract not subject to implied contract principles). *Stefanski v. City of Chicago*, 2015 IL App (1st) 132844,

¶ 21, 28 N.E.3d 967, 973 (an equitable quasi-contractual right is applicable when there is no express contract in place); *Tinley Park Orthodontic Assocs., P.C. v. Acct. & Tax Advisors, CPAS, P.C.*, 2017 IL App (2d) 16-0284-U, ¶ 23; *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶¶ 14, 29 (unjust enrichment claim dismissed because the existence of an actual contract precluded the cause of action). Here, where the express agreement to purchase Hershey's Hot Fudge Topping forms the crux of Plaintiff's causes of action, she fails to state an unjust enrichment claim for which relief can be granted.

### III. Plaintiff Lacks Standing To Pursue Injunctive Relief.

Finally, even if Plaintiff could bring a claim, she lacks standing to pursue injunctive relief. This is because a plaintiff seeking injunctive relief "must allege a 'real and immediate' threat" of future injury. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). The threat of future injury "must be actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Lyons*, 461 U.S. at 102 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."). As the Seventh Circuit recognized in *Camasta*, where a plaintiff is now aware of the defendant's sales practices, "[s]he is not likely to be harmed by the practices in the future." 761 F.3d at 741; *Grabowski v. Dunkin' Brands, Inc.*, 2017 WL 6059966, at *4 (N.D. Ill. Dec. 7, 2017) ("Grabowski alleges that he now knows that the Blueberry Glazed Donut does not contain real blueberries. Thus, based on the pleadings there is no indication of a future threat of harm to Grabowski."). Plaintiff expressly pleads that she only intends to buy Hershey's Hot Fudge Topping again "when she can do so with the assurance that the Product[']s representations are consistent with its composition." Compl at ¶ 93. As she is not likely to be harmed in the future, she lacks standing to pursue injunctive relief.

## <u>CONCLUSION</u>

Plaintiff's claims should be dismissed. Because there is nothing deceptive about the label

for Hershey's Hot Fudge Topping, the dismissal should be with prejudice.

Dated:  December 7, 2021                     Respectfully submitted,

                                     **THE HERSHEY COMPANY**

                                      */s/ William F. Northrip*
                                   By:One of Its Attorneys

William F. Northrip (#6315988)
Ambria D. Mahomes (#6334463)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone:  (312) 704-7700
Facsimile:  (312) 558-1195
wnorthrip@shb.com
amahomes@shb.com

15

## CERTIFICATE OF SERVICE

I, William F. Northrip, an attorney, hereby certify that on **December 7, 2021**, I caused a

true and complete copy of the foregoing **THE HERSHEY COMPANY'S MEMORANDUM IN**

**SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

to be electronically filed with the Clerk via the Court's ECF filing system, which will serve

electronic notice of such filing to the following counsel of record. Registered users may access the

filing via the ECF system.

Spencer Sheehan
SHEEHAN & ASSOCIATES, P.C.
60 Cuttermill Road, Suite 409
Great Neck, NY 11021
Telephone: (516) 268-7080
spencer@spencersheehan.com

Peter S. Lubin
Patrick D. Austermuehle
LUBIN AUSTERMUEHLE, P.C.
17W220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
Telephone: (630) 333-0333
peter@l-a.law
patrick@l-a.law

*Attorneys for Plaintiff*

_/s/_  *William F. Northrip*